

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2003

# State Farm Mutl Auto v. Flubacher

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2849

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"State Farm Mutl Auto v. Flubacher" (2003). *2003 Decisions.* Paper 444.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/444

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 02-2849
_____

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

CATHERINE FLUBACHER,

*Appellant*

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 01-cr-05012)
District Judge: Honorable Charles R. Weiner
_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2003

Before: SCIRICA, *Chief Judge*, NYGAARD and BECKER,
*Circuit Judges*

(Filed: June 23, 2003)
_____

OPINION
_____

BECKER, *Circuit Judge.*

This is an appeal from an order of the District Court granting summary judgment in

favor of State Farm Automobile Insurance Company in its declaratory judgment action

against Catherine Flubacher. State Farm asked the Court to determine that Flubacher, a State Farm policyholder, was bound by her deceased husband's written election of uninsured/underinsured motorist limits in the amount of $15,000 per person/$30,000 per accident, which limits are lower then the limits of bodily injury liability coverage on the policy. The District Court held that she was. We affirm. The facts are well known to the parties and need not be repeated here.

Flubacher's argument is squarely precluded by the decisions in *Nationwide Mutual Insurance Company v. Rosetta Buffetta, Administratrix of the Estate of Francesco Miriello*, 230 F.3d 634 (3d Cir. 2000); *Kimball v. CIGNA*, 660 A.2d 1386 (Pa. Super. 1995); and *Rupert v. Liberty Mutual Insurance Company*, 291 F.3d 243 (3d Cir. 2002). While the opinion writer is flattered that Flubacher's counsel urges that his dissenting opinion in *Rupert* is better reasoned than that of the majority, it remains a dissent, and we are, of course, bound by the majority.

Finally, Flubacher looks to a decision by the Allegheny County Court of Common Pleas, in which the Court, without citation to any cases, held that a wife was not bound by the limited tort election made by her ex-husband. *Kail v. Kalsek*, Case No. GD99-15479 (Allegheny Cty. Ct. of Common Pleas May 31, 2001). Although the facts in *Kail* seem identical to *Buffetta* (the wife was covered but not the named insured on her ex-husband's policy and only became the named insured after her ex-husband was removed from the policy), the Court determined that a new policy was created and the ex-husband's election could not bind the wife. Despite this contradiction, we cannot revisit our conclusion in

2

*Buffetta* simply on account of a Court of Common Pleas decision. *See Smith v. Calgon Carbon Corp.*, 917 F.2d 1338, 1341, 1343 (3d Cir. 1990) (holding that we are "required to 'predict the position which [the Pennsylvania Supreme Court] would take in resolving this dispute,'" and "in the absence of a *clear* statement by the Pennsylvania Supreme Court to the contrary or other persuasive evidence of a change in Pennsylvania law, we are bound by the holdings of previous panels of this court") (quoting *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 364 (3d Cir. 1990)).

The judgment of the District Court will be affirmed.

TO THE CLERK:

Kindly file the foregoing opinion.


/s/ Edward R. Becker
Circuit Judge